IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-41,743-03






EX PARTE HUMBERTO LEAL, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS

IN CAUSE NO.1994-CR-4696-W3 IN THE 186TH 

DISTRICT COURT BEXAR COUNTY




 Keasler, J., filed a concurring statement in which Meyers, J., joined. 


CONCURRING STATEMENT


 I join in the Court's decision to deny Humberto Leal's application to stay his
execution scheduled for Thursday, July, 7, 2011, and to dismiss his second subsequent
application under Texas Code of Criminal Procedure Article 11.071 Section 5. 

 In his application for a stay of execution and application for habeas relief Leal raises
three basic points. First, he argues that the Consular Compliance Act, which has been
introduced in the United States House by Senator Patrick Leahy, would require that Leal
receive review and reconsideration of his conviction and sentence under the International
Court of Justice's (ICJ's) Avena decision. And second, Leal contends that he is entitled to
habeas review because the Inter-American Commission on Human Rights (IACHR) has
concluded that Leal's case was prejudiced by the Vienna Convention Violation. We have
previously determined that analogous arguments did not meet the requirements of Section
5 when they were raised by Jose Ernesto Medellin in his second subsequent state application
for a writ of habeas corpus. 

 Pending legislation is not the law, and any argument that the Consular Compliance
Act will be passed by Congress and signed into law by the President is purely speculative. 
We are bound to follow the law as it is and, at this time, there is nothing that makes the
Avena decision binding law. (1) Next, Leal cites no authority and fails to explain how the
IACHR's determination is binding on this Court or any other court in the United States. 

 Leal also complains that his execution would violate his right to free speech and to
petition Congress to enforce Avena. But Leal has not established that his execution, pursuant
to a valid death sentence, presents an unreasonable restriction on these rights. Because the
"Consular Compliance Act" is not the law, it cannot legitimately be used as support for this
argument. In this instance, the State's right to finality trumps the rights Leal asserts.

 There is nothing in the United States Constitution that prohibits the State from
proceeding with Leal's execution. Leal has failed to show that his current claims meet the
requirements of Section 5. (2) As a result, I agree with denial of his motion to stay and the 
dismissal of Leal's second subsequent habeas application. 

DATE FILED: June27, 2011

DO NOT PUBLISH
1. See Medellin v. Texas, 554 U.S. 759, 759-760 (2008) (denying request for stay of
execution because the possibility that the Congress or Texas Legislature would pass
legislation giving effect to Avena was "too remote to justify an order from this Court
staying the sentence imposed by the Texas courts."); Foster v. Neilson, 27 U.S. 253, 315
(1829) ("Until such act shall be passed, the Court is not at liberty to disregard the existing
laws on the subject.").
2. See e.g., Ex parte Medellin, 223 S.W.3d 315, 349-52 (Tex. Crim. App. 2006).